■ JACK WILDER, on Behalf of Himself and All Other Stockholders of STRAUS-DUPARQUET, INC., Similarly Situated, and in the Right of STRAUS-DUPARQUET, INC., Appellant, and LAPHAM & COMPANY, a Copartnership, Intervenor-Appellant, v. THEODORE H. SILBERT et al., Respondents, et al., Defendants. — Order unanimously affirmed. No opinion. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ. [See *Matter of Wilder* v. *Straus-Duparquet*, 5 A D 2d 1.]

■ In the Matter of MICHAEL J. LEMBO, Respondent, against F. W. H. ADAMS, as Police Commissioner of the City of New York, Appellant.— Order unanimously reversed on the law, with $20 costs and disbursements to the respondent-appellant and the petition dismissed. An examination of the record does not establish that the action of the police commissioner was arbitrary or capricious. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ.

■ DAVID WINKLER, Respondent, v. CHASE MANHATTAN BANK, Appellant.— Order so far as appealed from unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to strike the second and third defenses denied, with $10 costs. The complaint does not so clearly plead an action in equity as to make it evident on the face of the pleading that the defenses of the three-year and six-year Statutes of Limitations which have been stricken from the answer are not available. The mere nomination of relief sought as equitable does not convert the cause from an action at law, if an action at law is the basic theory adducible from the pleading. The defenses should remain pending the trial and resolution of the issue raised by the pleadings. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ.

■ SAMUEL R. ROSENBAUM, as Trustee under Phonograph Record Trust Agreement and Hollywood Film Trust Agreement and Trust Agreement with REPUBLIC PICTURES, INC., Respondent-Appellant, v. HARRY MELNIKOFF et al., as Individuals and as Representatives of All Other Musicians Similarly Situated, Appellants-Respondents, et al., Defendants.— We affirm without prejudice to the right of the appellants to renew in the light of subsequent events. There is more than a suspicion that the action of the trustee in seeking a judicial declaration that the several agreements are valid is motivated by the existence of the action in California in which the present plaintiff, as trustee, is named as a defendant. Upon the record, however, a troublesome question is presented as to the extent that any determination made by the courts of California may be effectively implemented as to funds in the possession of the plaintiff trustee in this State in view of the inability of the foreign State to obtain personal jurisdiction of the trustee and his apparent decision not to submit himself thereto. We recognize the possibility that some of the individual defendants named as members of the federation and constituting those necessary to make this a class action may be " captive " parties. Otherwise stated, it appears that some, if not all, of these individual defendants are defending this action within certain boundaries defined by officials of the federation. If, in the opinion of such officials, any action is taken by such defendants beyond the proscribed area they may be subject to discipline within the federation. Therefore, any application by members of the federation, whether resident or nonresident, and possibly suspended or expelled members, to become active parties to this action, to make this a true adversary proceeding, should be given serious consideration. Settle order. Concur — Breitel, J. P., McNally, Bergan and Bastow, JJ.